Hon. LOYAL C. KELLOGG,
Hon. ASAHEL PECK, } ASSISTANT JUDGES.
Hon. BENJAMIN H. STEELE,

---

EDWARD H. JOHNSON *v.* TOWN OF NEWFANE.

*Soldiers' Bounty. Contract. Towns. Evidence.*

It is a rule in the construction of contracts that any contract is to be construed with reference to its object—so that effect may be given to the intention of the parties when ascertained.

A town having voted to pay a bounty to those who should enlist under an existing call for troops and apply on its quota, is bound to pay to those who enlisted previous to the vote, but were mustered in subsequent thereto—they having had the right at the time of muster to be credited to any town they chose.

On the 30th of November, 1863, the defendant town voted to "raise three hundred dollars for every volunteer that may enlist previous to the fifth day of January next under the last call of the President for three hundred thousand volunteers."

2

And it was further voted " that the selectmen be authorized to borrow a sum of money, not exceeding three thousand dollars, to be paid three hundred dollars to each recruit when mustered into the service of the United States." The town had eleven men to furnish under that call. The plaintiff enlisted November 13th, and was mustered in December 1st, 1863, to the credit of said town, and with the expectation at the time of enlistment that he should receive the same bounty that the town might pay to others, otherwise he would not have enlisted or been mustered in to the credit of that town. The selectmen had notice of his enlistment and claim for bounty prior to said meeting. *Held,* that he was entitled to recover the three hundred dollars bounty—and that evidence as to his expectation was properly received.

THIS was an action of assumpsit to recover three hundred dollars town bounty. Plea, the general issue, and trial by court by consent of parties, April Term, 1866, WILSON, J. presiding.

The quota of the town of Newfane, under the call of October 17th, 1863, by the President for three hundred thousand men, was eleven men, and its deficiency under former calls ·was eight men. On the 17th day of November, 1863, a meeting of the legal voters of the town of Newfane was duly warned to be holden on the 30th day of November, 1863. The second article of the warning was as follows : " To see if the town will vote to raise a bounty for those who may come forward and volunteer before the 5th of January next, under the last call of the President for three hundred thousand men." November 30th, 1863, a town meeting was holden pursuant to the warning, at which meeting, among other things, it was voted :— " That the town raise three hundred dollars for every volunteer that may enlist previous to the fifth day of January next under the last call of the President for three hundred thousand volunteers." And it was further voted—" that the selectmen be authorized to borrow a sum of money not exceeding three thousand dollars to be paid three hundred dollars to each recruit when mustered into the service of the United States."

The plaintiff was, on the 13th of November, 1863, a citizen and resident of Newfane, and the matter of raising a bounty for such volunteers as should enlist to fill the quota of said town under the call of October 17th, 1863, was a subject of discussion and agitation therein, and it was at that time generally expected and understood that a bounty, to some amount, would be raised by said town for such volunteers as should enlist to fill its quota under said call, and

Johnson *v* Newfane.

that a town meeting would soon be called for that purpose. It also appeared that other towns in the vicinity had already voted bounties to an amount varying from three hundred to five hundred dollars for each volunteer. The plaintiff enlisted on the 13th day of November, 1863, at Brattleboro, Vt., and was requested by the recruiting officer to enlist to the credit of Brattleboro, but declined, saying he " should enlist from his own town ;" and in the enlistment papers, which the plaintiff signed, he was set up as a resident of Newfane.

It appeared (from evidence which was received subject to the defendant's objection,) that the plaintiff at the time he enlisted, supposed he should receive and expected to receive as a bounty for said enlistment, the same sum that said town should pay to other volunteers under said call—otherwise the plaintiff would not have enlisted to the credit of the defendant town, nor would he have allowed himself to be mustered into the United States service as a volunteer from said town. The plaintiff was mustered into the United States service on the first day of December, 1863, and was credited to and applied upon the quota of Newfane under the call of October 17th, 1863, for three hundred thousand men, and served until the close of the war, to the credit of the defendant town. The selectmen of Newfane were informed by the plaintiff that he had enlisted to the credit of said town, soon after his enlistment and before the said meeting of November 30th, and they were also informed that the plaintiff claimed the same bounty that the town might vote to other volunteers under said call. The selectmen of Newfane took steps to raise but ten more men to fill the quota of the town under that call, for the reason that they understood that the plaintiff's enlistment and muster would apply on their quota of eleven under said call. It did not appear that the plaintiff furnished the selectmen, or any other officer of said town with a certificate of his muster to the credit of the defendant town, nor did it appear that the plaintiff was ever requested by any officer of that town to furnish such certificate ; but it did appear that the selectmen of the defendant town, soon after the plaintiff was mustered into the service as aforesaid, were informed and understood that the plaintiff's muster was to the credit of said town under said call, and that the plaintiff claimed said bounty.

The court upon the foregoing facts decided that the plaintiff was entitled to recover and rendered judgment for him to recover three hundred dollars and the interest thereon from December 1st, 1863, and his costs,—to which the defendant excepted.

· *A. Stoddard*, for the defendant.

I.   We submit that the selectmen were not authorized by the town to provide for the payment of the plaintiff's claim.   The warning under which the town acted, had reference to persons who should thereafter enlist.   The language of the warrant is " who *may come forward* and volunteer."   A literal construction of the language used in both the warning and the vote excludes the plaintiff from the benefit of the vote.   This construction ought to be given unless the town manifestly intended otherwise.   It is only where a grammatical construction conflicts with the manifest intention that the courts will substitute bad grammar for good.   Chitty on Con. 86.

The vote to borrow three thousand dollars to pay three hundred to each recruit indicates an intention to provide for ten men only. There is nothing *dehors* the record to indicate a different intention.

II.   There was no contract, in fact, made with the plaintiff on the part of the town or any of its officers.

III.   If the plaintiff can recover, it must be upon the ground that the records of the town show that the town voted the bounty to any person who should thereafter be *mustered* to their credit upon their quota ; and that the plaintiff was mustered into the service and credited upon their quota.   We apprehend that the court is not prepared to sanction this doctrine.   The enlistment or muster must have been with the knowledge and approval of the selectmen or other authorized agent of the town, with a promise of the bounty.   But if this is not necessary the town must have had notice that the plaintiff was mustered to their credit, and that he claimed the bounty, before suit brought ; and the fact that the selectmen may have heard of the muster and claim from rumor or from any other source than from the plaintiff or his agents, will not suffice for such notice. Chitty on Con. 9 ; 2 Kent's Com. 477 ; *Gaunt* v. *Hill*, 1 Starkie, 10, (2 E. C. L. 272.)

Johnson *v.* Newfane.

The evidence received of the bare expectations of the plaintiff was inadmissible.

*Charles N. Davenport*, for the plaintiff.

The opinion of the court was delivered by

KELLOGG, J.   The quota assigned to be furnished by the town of Newfane under the call for three hundred thousand men for the volunteer military service of the United States, made by the President on the 17th of October, 1863, was eleven men.   The plaintiff enlisted as a volunteer under this call at Brattleboro on the 13th of November, 1863, being then a resident of the town of Newfane, but did not then designate the town to the credit of which his enlistment was to be applied, though he expressed an intention " to enlist from his own town."   On the 1st day of December, 1863, he was mustered into service under his contract of enlistment, and, by his direction, was then credited to, and applied on, the quota of the town of Newfane, under this call ; and the selectmen of Newfane took no steps to raise more than ten other men to fill the quota of their town under that call, for the reason that they understood that the plaintiff's enlistment and mustering into service would apply on the quota of the town under the call.   At a legal town meeting of the town, held on the 30th of November, 1863, it was voted " that the town raise three hundred dollars for every volunteer that may enlist previous to the 5th day of January next, under the last call of the President for three hundred thousand volunteers ;" and it was further voted " that the selectmen be authorized to borrow a sum of money, not exceeding three thousand dollars, to be paid three hundred dollars to each recruit when mustered into the service of the United States."   The validity of these votes is not questioned.

The controversy in this case is in respect to the right of the plaintiff to recover the bounty offered by the first of these votes.   It is a rule in the construction of contracts that any contract is to be construed with reference to its object, so that effect may be given to the intention of the parties when ascertained ; and, consequently, the motives which led to the contract, as well as the object to be effected

by it, are to be looked at in any proper interpretation of its meaning.

Although the vote of the town is general in its terms, it is manifest that it was intended to apply only to such enlisted volunteers as might be accepted and mustered into service, and credited on the quota of the town under the call, and that the entering into the contract of enlistment by the volunteer would not of itself support a claim against the town for the bounty offered by the vote. It is insisted on the part of the town that the plaintiff is not entitled to the bounty provided for by this vote because the vote is prospective in its terms, and is applicable only to such as should *thereafter* enlist. We do not think it necessary to decide whether this is the natural and reasonable interpretation of the terms of the vote, but, assuming that the claim of the defendant in this particular is correct, we think that as the enlistment contemplated by the town in this vote included not only the entering into the contract of enlistment by the volunteer, but also that he should be accepted and mustered into service, and credited on the quota of the town, and as the plaintiff, in fact, was accepted and mustered into service, and credited on the quota of the town, *after* this vote was passed, he ought to be treated as having " enlisted," in the sense and spirit of this vote, when his act of enlistment became complete by his being mustered into service and credited to the town's quota. At the time when he was mustered into service, he had entire freedom of choice in respect to the town to the quota of which he should be credited; and it appears that other towns in this vicinity were then paying bounties in amount equal to, or larger than, the bounty offered by the town of Newfane. This right of choice was exercised by the plaintiff in favor of the town of Newfane, and we think that he thereby placed himself within the terms of the offer contained in the vote, and became entitled to the bounty offered, when the selectmen were informed that he had been credited on the quota of the town. If they treated his enlistment, thus perfected, as applicable to the quota of the town, and the town received the benefit of the plaintiff's act and choice, with full knowledge of all of the facts, the completed enlistment should be considered as having been made with the assent and

Johnson v. Newfane.

approval of the selectmen, and as a full performance of every act by the plaintiff which was necessary to entitle him to the benefit of the bounty offered by the vote of the town. It is true that there was no duty cast on the town to recognize this enlistment, and to pay this bounty, until notice of the enlistment, and of the plaintiff's claim to the bounty by reason of it, was given to the proper town authorities; but it appeared that the selectmen of the town, soon after the plaintiff was credited on the quota of the town, had full knowledge and information in respect to the plaintiff's enlistment and the credit of the same on the quota of the town, and that the plaintiff claimed the bounty offered by the vote. This knowledge of all of the facts by the selectmen, in connection with the notice which they had previously received from the plaintiff, rendered any further notice from him in respect to those facts useless and unnecessary.

It is urged on the part of the defendant that the vote to borrow three thousand dollars to pay three hundred dollars to each recruit indicated an intention on the part of the town to provide bounties for ten men only, and to exclude the plaintiff from the benefit of the vote; but we think that this second vote will not support any such inference. For aught which appears in the case, there might have been cash in the town treasury, applicable to the payment of the bounties offered by the town, sufficient, with the amount authorized to be borrowed by the second vote, to make up the amount of the bounties required for each of the eleven men called for to fill the quota of the town under the provisions of the first vote; and there is no reference in either vote to the plaintiff any more than to any other one of the eleven enlisted volunteers.

We think that the plaintiff's evidence that he expected, when he enlisted, that he would receive, as a bounty for his enlistment, the same sum which the town might pay to other volunteers under that call, and that, but for this expectation, he would not have enlisted to the credit of the town, was admissible. It was proper for him to show that his enlistment to the credit of the town was made under the inducement of the offered bounty. He could not show this without showing what his expectations in respect to receiving a bounty were; and it appeared that his expectations and claims in

this respect were fully communicated to the selectmen before he was mustered into service and credited on the quota of the town.

Judgment of the county court for the plaintiff affirmed.